UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| WIND LOGISTICS PROFESSIONAL, ) <br> LLC AND ANTHONY PARSON, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> UNIVERSAL TRUCKLOAD, INC., ) <br> ) <br> Defendant. ) | CIVIL ACTION <br> NO.: 1:16-cv-00068-CC |

STATEMENT OF UNDISPUTED MATERIAL FACTS
IN SUPPORT OF DEFENDANT UNIVERSAL TRUCKLOAD INC.'S
MOTION FOR PARTIAL SUMMARY JUDGMENT

Pursuant to Local Rule 56.1, Defendant Universal Truckload, Inc. ("Defendant" or "Universal"), by and through their undersigned counsel, files this Statement of Undisputed Material Facts in Support of its Motion for Partial Summary Judgment, showing the Court as follows:

A.   The $85,000 Promissory Note[1]

1.   On or about January 25, 2012, Plaintiff Anthony Parson ("Parson") signed a promissory note and personal guaranty in favor of Universal[2] in exchange

---

[1] Defendant's Appendix, filed simultaneously with the Court in support of Defendant's Motion for Partial Summary Judgment, contains all of the supporting deposition testimony and deposition exhibits which are referenced herein.

for an $85,000 loan ("$85,000 Promissory Note"). (April 20, 2016 Deposition of Anthony Parson ("Parson Dep.") at 75:2-11; Parson Dep. Exh. 4; Verified Answer (Dkt. 2) ¶ 65.)

2. Parson agreed that the laws of the State of Michigan would govern the $85,000 Promissory Note and the liability of the parties. (Parson Dep. Exh. 4.)

3. The $85,000 Promissory Note is a valid and enforceable contract. (Complaint at ¶¶ 11, 13 (Dkt. 1); Parson Dep. at 74:2-8.)

4. The $85,000 Promissory Note provides that Universal will advance Parson $85,000 "to support Anthony Parson, as exclusive representative for all revenue producing efforts of Anthony Parson" on behalf of Universal. (Parson Dep. Exh. 4.)

5. Universal advanced Parson the $85,000 stated in the $85,000 Promissory Note. (Parson Dep. at 75:9-11.)

6. The $85,000 Promissory Note provides that if Parson leaves to form his own company or to affiliate with a competitor of Universal prior to March 1, 2017, then Parson is obligated to pay to Universal any outstanding balance on the note, plus a $10,000 penalty. (Parson Dep. Exh. 4.)

---

[2] Defendant Universal Truckload, Inc. was the surviving entity of a merger in December 2014 that included Universal Am-Can Ltd. ("Am-Can"), the entity that hired Parson's in 2001. For convenience and to avoid confusion, Defendant will refer to both Universal Truckload, Inc. and Universal Am-Can Ltd. as "Universal."

7. Parson terminated his exclusive agency relationship with Universal and affiliated with a competitor prior to March 1, 2017. (Parson Dep. at 54:18-55:1, 70:11-16, 75:16-24.)

8. Although there is no outstanding balance to be paid on the loan, Parson has not paid Universal the $10,000 penalty. (Parson Dep. at 76:7-20.)

**B.    The $500,000 Promissory Note**

9. On or about January 20, 2014, Parson executed on his own behalf and on behalf of his company Plaintiff Wind Logistics another Promissory Note and Personal Guaranty, this time for $500,000, in favor of Universal ("$500,000 Promissory Note"). (Parson Dep. at 77:2-15; Parson Dep. Exh. 5; Verified Answer ¶ 70 (Dkt. 2).)

10. Parson agreed that the laws of the State of Michigan would govern the $500,000 Promissory Note and the liability of the parties. (Parson Dep. Exh. 5.)

11. The $500,000 Promissory Note is a valid and enforceable contract. (Complaint at ¶¶ 12-13 (Dkt. 1); Parson Dep. at 77:2-15.)

12. The $500,000 Promissory Note states that Universal will advance Parson and Wind Logistics $500,000 "to support Wind Logistics and Anthony Parson, as exclusive representative [sic] for all revenue producing efforts of Wind Logistics and Anthony Parson" on behalf of Universal. (Parson Dep. Exh. 5.)

13.     Universal advanced Parson and Wind Logistics the $500,000 stated in the $500,000 Promissory Note.  (Parson Dep. at 51:8-16, 77:2-15.)

14.     The $500,000 Promissory Note requires Parson and Wind Logistics to repay the note, on a pro-rated basis, if Parson and Wind Logistics cease to be exclusive agents of Universal before January 20, 2019.  (Parson Dep. Exh. 5.)

15.     Any outstanding balance owing when Parson and Wind Logistics cease to be exclusive agents of Universal before January 20, 2019, is due upon demand.  (Parson Dep. Exh. 5.)

16.     Parson and Wind Logistics terminated their exclusive agency relationship with Universal before January 20, 2019.  (Parson Dep. at 54:18-55:1, 70:11-16, 75:16-24, 97:2-15.)

17.     By letter dated January 11, 2016, Universal demanded payment of the outstanding balance on the $500,000 Promissory Note.  (Parson Dep. at 91:8-21; Parson Dep. Exh. 7.)

18.     The balance remaining on the $500,000 Promissory Note is $308,333.41.  (Parson Dep. at 51:8-16; Parson Dep. Exh. 7.)

19. To date, neither Parson nor Wind Logistics has paid the $308,333.41 balance on the $500,000 Promissory Note. (Parson Dep. at 51:17-22; 79:11-80:279-80.)

Dated: November 15, 2016            Respectfully Submitted,

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, PC

By: /s/ Todd. C. Duffield
TODD C. DUFFIELD (141905)
ERIKA L. LEONARD (565965)
191 Peachtree St. NE, Suite 4800
Atlanta, GA  30303
Tel: (404) 881-1300
Fax: (404) 870-1732

Attorneys for Defendant Universal Truckload, Inc.