# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| WIND LOGISTICS PROFESSIONAL, LLC AND ANTHONY PARSON, ) ) ) | |
| Plaintiffs, ) ) | CIVIL ACTION NO.: 1:16-cv-00068-CC |
| v. ) ) | |
| UNIVERSAL TRUCKLOAD, INC., ) ) | |
| Defendant. ) | |

## BRIEF IN SUPPORT OF DEFENDANT UNIVERSAL TRUCKLOAD INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT

COMES NOW Defendant Universal Truckload, Inc. ("Defendant" or "Universal"), by and through its undersigned counsel, and files this Brief in Support of its Motion for Partial Summary Judgment as to Universal's Breach of Contract Counterclaims II and III.

## I.    INTRODUCTION[1]

Counterclaims II and III involve the breaches of two promissory notes: one executed by Plaintiff Anthony Parson ("Parson") in exchange for a $85,000 loan

---

[1] Defendant's Appendix, filed simultaneously with the Court in support of Defendant's Motion for Partial Summary Judgment, contains all of the supporting deposition testimony and deposition exhibits which are referenced herein.

from Universal,[2] and one executed by Parson and Wind Logistics Professional, LLC ("Wind Logistics") in exchange for a $500,000 loan from Universal. The $85,000 Promissory Note provides that if Parson ceases being an exclusive agent of Universal and affiliates with a competitor of Universal before a certain date, he must repay any outstanding balance on the loan and a $10,000 penalty. Similarly, the $500,000 Promissory Note provides that if Plaintiffs cease being an exclusive agent of Universal and affiliate with a competitor of Universal before a certain date, Plaintiffs must repay any outstanding balance on the loan.

    Plaintiffs admit they entered into the Promissory Notes. They admit that they have ceased being an exclusive agent for Universal and have affiliated with a competitor prior to the dates set forth in the Promissory Notes. And, they admit they have not repaid the outstanding balance under the $500,000 Promissory Note and have not paid the penalty in the $85,000 Promissory Note. Based on these undisputed facts, Universal is entitled to judgment as a matter of law on Counterclaims II and III.

---

[2] Defendant Universal Truckload, Inc. was the surviving entity of a merger in December 2014 that included Universal Am-Can Ltd. ("Am-Can"), the entity that hired Parson's in 2001. For convenience and to avoid confusion, Defendant will refer to both Universal Truckload, Inc. and Universal Am-Can Ltd. as "Universal."

## II. RELEVANT FACTUAL BACKGROUND

The relevant undisputed material facts are set forth in Universal's Statement of Undisputed Material Facts filed contemporaneously herewith.

## III. LEGAL ARGUMENT

### A. Standard of Review

Summary judgment should be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court should grant summary judgment if the evidence is such that a reasonable jury could find only for the moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505 (1986).

In response to a motion for summary judgment, a "non-movant may not rest upon mere allegations or denials, 'but must set forth specific facts showing that there is a genuine issue for trial.'" *Suidock v. Volusia Cnty. Sch. Brd.*, 568 F. App'x. 659, 662 (11th Cir. 2014) (quoting *Eberhardt v. Waters*, 901 F.2d 1578, 1580 (11th Cir. 1990)). In light of Plaintiff Parson's own admissions with respect to the facts material to resolution of Defendant's breach of contract counterclaims, there is no genuine issue for trial. Because no reasonable jury could find in favor of Plaintiff on these claims, summary judgment for Defendant is appropriate.

### B. Universal Is Entitled to Summary Judgment as to Counterclaims II and III

The Promissory Notes provide they shall be governed by Michigan law. (*See* Exhibits 4 and 5 to the April 20, 2016 Deposition of Anthony Parson ("Parson Dep.").) Under Michigan law, the elements of a breach of contract claim are: (1) the existence of a contract, (2) breach of that contract; and (3) damages resulting from that breach. *See Regency Realty Grp., Inc. v. Michaels Stores. Inc.*, No. 12-10594, 2013 WL 3936399, at *12 (E.D. Mich. July 30, 2013). Moreover, the construction of an unambiguous contract is a question of law for the court. *Michigan Nat'l Bank v. Laskowski*, 580 N.W.2d 8, 10 (Mich. Ct. App. 1998).

#### 1. Element One: Existence of a Contract

Formation of a valid contract requires an offer and acceptance. *See Pakideh v. Franklin Commercial Mortg. Grp., Inc.*, 540 N.W.2d 777, 780 (Mich. Ct. App. 1995). The plain terms of the Promissory Notes evidence an offer and acceptance here. Under the terms of the Promissory Notes, Universal offered to pay Parson $85,000 and Plaintiffs $500,000 respectively, in exchange for Plaintiffs' performance as exclusive agents for Universal through a date certain. Plaintiffs' acceptance of those terms is evidenced by Parson's signature as the "Authorized Representative And Personal Guarantor" on the Promissory Notes. Indeed, Parson admits he was paid the respective amounts and admits he executed the Promissory

Notes.  (Verified Answer ¶¶ 65 and 70; Parson Dep. at 51:8-20, 75:1-11, 77:2-15; Parson Dep. Exhs. 4 and 5.)  Parson's own admissions establish the existence of enforceable contracts.

### 2. Element Two:  Breach of the Contract

"A claim for breach of contract accrues when the promisor fails to perform under the contract."  *H J Tucker & Assoc., Inc. v. Allied Chucker & Engineering Co.,* 595 N.W.2d 176 (Mich. Ct. App. 1999); s*ee also Ordos City Hawtai Autobody Co., Ltd. v. Dimond Rigging Co., LLC,* No. 13-14909, 2015 WL 4966883, at *12 (E.D. Mich. Aug. 201, 2015) ("Because Defendant had a duty to perform but did not, Defendant breached the parties' contract.").  It is undisputed that Parson and Wind Logistics failed to perform under the contracts.

The $85,000 Promissory Note provides:

> If, as a result of Anthony Parson, individually or as a group breaching this agreement and leave to form their own company or affiliate with a competitor, prior to March 1, 2017. [sic] [t]hen the current amount outstanding will be due back prior to representing any other freight companies, the guarantors will pay to [Universal] the equivalent of the outstanding balance and a $10,000.00 penalty to [Universal].  This refund will be made upon demand.

(Parson Dep. 75:2-11; Parson Dep. Exh. 4.)  Parson admits that he ceased serving as an exclusive agent for Universal prior to March 1, 2017 and admits he has failed to pay Universal the $10,000 penalty provided in the

$85,000 Promissory Note.  (Parson Dep. at 54:18-55:1, 70:11-16, 75:16-24, 76:7-20.)

Likewise, the $500,000 Promissory Note provides:

> If for any reason, in the next sixty calendar months (five years), Wind Logistics and Anthony Parson are no longer agents for [Universal] they will then pay to [Universal] the equivalent of one sixty-th of the $500,000.00 for each month that Wind Logistics and Anthony Parson was not an exclusive agent for [Universal] on or before January 20, 2019.  This refund payment will be made upon demand after the agent has left [Universal].

(Verified Answer ¶ 70; Parson Dep. 77:2-15; Parson Dep. Exh. 5; Ex. B to Statement of Undisputed Material Facts.)  Parson admits that he and Wind Logistics ceased serving as exclusive agents for Universal prior to January 20, 2019 and that he has not paid the remaining balance of $308,333.41 due on the $500,000 Promissory Note.  (Parson Dep. at 51:17-22, 79:11-80:2, 97:2-15.) Parson's undisputed admissions establish a breach of the Promissory Notes' plain terms.

### 3. Element Three:  Damages

Generally, "the damages recoverable for breach of contract are those that arise naturally from the breach or those that were in contemplation of the parties at the time the contract was made."  *Kewin v. Mass. Mut. Life. Ins. Co.,* 295 N.W.2d 50, 52–53 (Mich. 1980).  The goal is to "place the non-breaching party in as good a

position as if the contract had been fully performed." *Corl v. Huron Castings, Inc.*, 544 N.W.2d 278, 280 (Mich. 1996).

As set forth above, Parson breached the $85,000 Promissory Note and Plaintiffs breached the $500,000 Promissory Note. Despite demand for payment, Plaintiffs admit they have failed to pay the $10,000 penalty specified in the $85,000 Promissory Note and the $308,333.41 balance on the $500,000 Promissory Note. (Parson Dep. at 51:8-22, 54:18-55,76:7-20, 79:11-80:2; Parson Dep. Exh. 7.) Parson's own admissions establish the damages element of Universal's claims, and Universal is entitled to judgment in the amount of $318,333.41, plus accrued interest to date.

**IV.   CONCLUSION**

For the foregoing reasons, Universal respectfully requests that the Court grant its Motion for Partial Summary Judgment on Counterclaims II and III.

Dated:  November 15, 2016	Respectfully Submitted,

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, PC

By:  /s/ Todd. C. Duffield
TODD C. DUFFIELD (141905)
ERIKA L. LEONARD (565965)
191 Peachtree St. NE, Suite 4800
Atlanta, GA  30303
Attorneys for Defendant	Tel: (404) 881-1300
Universal Truckload, Inc.	Fax: (404) 870-1732

26550768.5